UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-80245-Cannon/McCabe

BELINDA WOLOWITZ,

    Plaintiff,

v.

SEACREST SERVICES, INC.,

    Defendant.

_____/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss ("Motion"), which was referred to the undersigned by United States District Judge Aileen M. Cannon. (DE 9, DE 13). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion be **DENIED**.

**I.      BACKGROUND**

This is a disability discrimination case. The Court accepts the following facts as true, taken from Plaintiff's First Amended Complaint ("FAC"). (DE 8). On or about February 20, 2023, Plaintiff interviewed with Defendant for a job as a property manager. (DE 8 ¶ 13). During the interview process, Plaintiff disclosed that she suffered from high blood pressure and cardio myopathy, but she maintained these conditions would not affect her work performance as both conditions were under control with medication. (DE 8 ¶ 16). Plaintiff began her employment with Defendant on or about March 6, 2023. (DE 8 ¶¶ 9, 15, 17-18).

Approximately three days later, on or about March 9, 2023, Plaintiff received a diagnosis of uterine cancer. (DE 8 ¶ 19). Plaintiff's doctors recommended that she begin radiation and chemotherapy treatment and undergo a hysterectomy, which they scheduled to take place on March 21, 2023. (DE 8 ¶¶ 20-22). Plaintiff went immediately to her direct supervisor, Jacqueline

Pugh, on or about March 9, 2023, intending to advise her of the cancer diagnosis and upcoming surgery, but Ms. Pugh was busy and rescheduled the conversation to March 13, 2023. (DE 8 ¶¶ 24-25). Thereafter, on March 13, 2023, Plaintiff informed Ms. Pugh of the cancer diagnosis and upcoming surgery. (DE 8 ¶ 26). Ms. Pugh reassured Plaintiff that she would not lose her job over health issues and urged her to contact Defendant's HR department. (DE 8 ¶ 26).

As suggested, Plaintiff then contacted the HR department to explain her need for medical leave. (DE 8 ¶ 27). In response, Defendant's VP of HR, Leslie Guerrero, accused Plaintiff of taking advantage of Defendant and suggested that Plaintiff should not have applied for a job if she knew she had cancer and would need surgery during her first weeks of employment. (DE 8 ¶ 28). Plaintiff objected and insisted she did not know about the cancer diagnosis until after she was offered the job. (DE 8 ¶ 29).

Later, on or about March 16, 2023, Diane Evans, VP of Century Village, a division of the Defendant, terminated Plaintiff's employment, telling her as follows: "You are disabled and will not be able to work for more than three months, or who knows for how long. We cannot have you work here. You are dismissed." (DE 8 ¶¶ 13, 31). Plaintiff asked if she could return to her job once she recovered from her surgery but Ms. Evans said, "No, you are dismissed!" (DE 8 ¶ 32). Plaintiff advised Ms. Evans that she could work remotely from home as soon as one week after her surgery using a laptop. (DE 8 ¶ 34). Ms. Evans responded, "We don't allow any work from home to happen; you have to be present to do the work." (DE 8 ¶ 35). In truth, Defendant's other property managers routinely worked remotely using their tablets. (DE 8 ¶ 36).

Based on the above, Plaintiff brings the following claims:

| Count | Claim |
|---|---|
| 1 | Disability Discrimination under the Americans with Disabilities Act ("ADA") |
| 2 | Retaliation under the ADA |
| 3 | Failure to Accommodate under the ADA |
| 4 | Handicap Discrimination under the Florida Civil Rights Act ("FCRA") |
| 5 | Retaliation under the FCRA |
| 6 | Failure to Accommodate under the FCRA |

(DE 8 ¶¶ 46-62, 36-78, 79-97, 98-114, 115-131, 132-148).

## II.    LEGAL STANDARD

By way of this Motion, Defendant seeks dismissal of all six counts pursuant to Fed. R. Civ. P. 12(b)(6). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

3

### III.     DISCUSSION

Defendant raises numerous arguments in support of dismissal. The Court will address each argument in turn.

####      A.     **Condition Precedent**

Defendant first urges dismissal based on Plaintiff's failure to satisfy a mandatory condition precedent to filing suit, namely, exhaustion of administrative remedies with the EEOC. *See Baston v. Salvation Army*, 897 F.3d 1320, 1327 (11th Cir. 2018) (noting that ADA plaintiffs must exhaust EEOC remedies before filing suit). Defendant concedes that Plaintiff alleges compliance with all conditions precedent in the FAC. (DE 9 at 6-7). Specifically, the FAC alleges that Plaintiff timely filed a charge of discrimination with the EEOC, that more than 180 days elapsed after filing of the charge, and that the EEOC subsequently issued a notice-of-right-to-sue letter to Plaintiff. (DE 8 ¶ 49). Plaintiff even attached, as an exhibit to the FAC, a copy of the EEOC right-to-sue letter. (DE 8-1 at 1-2).

Defendant nevertheless urges dismissal because the FAC's allegations (and presumably its attachments as well) are factually "inaccurate." (DE 9 at 6). Defendant insists that, contrary to the allegations of the FAC, Plaintiff never filed a charge of discrimination with the EEOC. (DE 9 at 6-7). Defendant's argument necessarily raises factual disputes that cannot be resolved at this stage of the case. For purposes of a motion to dismiss, the Court assumes Plaintiff's factual allegations to be true and correct. If Defendant wishes to challenge the truth of Plaintiff's allegations regarding EEOC proceedings, Defendant must raise this challenge at a later stage of the case. *See Buckley Towers Condominium, Inc. v. QBE Insurance Corp.*, 2008 WL 2490450, *4 (S.D. Fla. 2008) (rejecting argument that claim should be dismissed for failure to comply with

4

condition precedent and noting that "[s]atisfaction of conditions precedent … is not a matter that [can be] adjudicated on a motion to dismiss."). The Motion should be denied as to this argument.

### B. Counts 1 & 4 – Unlawful Termination

Counts 1 and 4 allege that Defendant "terminated the Plaintiff because of her disability or perceived disability" and/or "due to her handicap." (DE 8 ¶¶ 59, 106). To demonstrate a prima facie case of disability discrimination under the ADA and/or FCRA, a plaintiff must allege facts that show the following elements: (1) plaintiff was disabled, (2) plaintiff was a qualified individual, and (3) plaintiff was discriminated against because of his or her disability. *Lewis v. City of Union City, Ga.*, 934 F.3d 1169, 1179 (11th Cir. 2019); *see also Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255 (11th Cir. 2007) (noting that courts evaluate FCRA disability discrimination claims under the same framework as ADA claims).

Defendant maintains that the FAC fails to allege facts to satisfy any of the required elements. (DE 9 at 7-9). The Court will address each element in turn.

#### 1. Disability

As to the first element, the ADA defines "disability" as (1) "a physical or mental impairment," (2) "a record of such an impairment," or (3) "being regarded as having such an impairment." 42 U.S.C. § 12102(1). The Court has reviewed the allegations of the FAC and finds this element satisfied. The FAC alleges that Plaintiff had several medical conditions, among them, a cancer diagnosis. (DE 8 ¶¶ 19, 21, 23, 41). The EEOC regards cancer as an inherent disability. 29 C.F.R. § 1630.2(j)(3)(iii) (inherent disabilities include "cancer").

The FAC also alleges that Plaintiff was "regarded as" having an impairment and "perceived as disabled by Defendant." (DE 8 ¶¶ 54-55, 108). Plaintiff alleges that Defendant's representative, Ms. Evans, advised Plaintiff as follows: "You are disabled and will not be able to work for more than three months, or who knows for how long. We cannot have you work here. You are

dismissed." (DE 8 ¶ 31). The Court finds these allegations, when taken as true, sufficient to demonstrate a perceived disability even in the absence of an actual disability. *See Carruthers v. BSA Advert., Inc.*, 357 F.3d 1213, 1216 (11th Cir. 2004) ("Under the 'regarded as' [disabled test], a person is 'disabled' if her employer perceives her as having an ADA-qualifying disability, even if there is no factual basis for that perception."). The Motion should be denied as to this argument.

### 2. Qualified Individual

To meet the second element, Plaintiff must allege facts to show she was a "qualified individual," meaning she was "able to perform the essential function of [her job] with or without reasonable accommodation...." *Reed v. The Heil Co.*, 206 F.3d 1055, 1061 (11th Cir.2000). The Court has reviewed the allegations of the FAC and finds this element satisfied. The FAC alleges that Plaintiff "was qualified to perform essential functions of her position with or without reasonable accommodations." (DE 8 ¶¶ 57, 109). The FAC also includes the following allegations in support:

- Although she had difficulty walking and breathing, Plaintiff "was still able to do her job as Property Manager because such job did not demand high physical endurance" (DE 8 ¶ 42),

- Plaintiff informed Defendant that she "could work from home one week after the surgery" and "all that she really needed to do her job was a laptop" (DE 8 ¶ 34), and

- Defendant's other property managers routinely worked remotely using tablets (DE 8 ¶ 36).

The Court has considered, but finds unpersuasive, Defendant's fact-based argument that Plaintiff was not a "qualified individual." (DE 9 at 8-9). Specifically, Defendant argues that Plaintiff "was hired as a property manager, and as such, was required, pursuant to her job

6

requirements, to be in the field for the vast majority of her working hours." (DE 9 at 8-9). Defendant may well be correct as to the job requirements of a property manager, but Defendant's version of the job differs starkly from the one described in the FAC. For the time being, the Court must accept Plaintiff's allegations as true and correct. If Defendant wishes to rebut Plaintiff's allegations with evidence, Defendant must wait until a later stage of the case to do so. In the meantime, the Motion should be denied as to this argument.

### 3. Discrimination Because of Disability

To meet the third element, Plaintiff must allege sufficient, plausible facts to show that Defendant discriminated against her "because of" her disability. *See Lewis*, 934 F.3d at 1179. The Court has reviewed the FAC and finds this element satisfied. In particular, the FAC alleges that Defendant's representative, Ms. Evans, admitted she made the decision to terminate Plaintiff based upon her disability. Ms. Evans told Plaintiff the following: "You are disabled and will not be able to work for more than three months, or who knows for how long. We cannot have you work here. You are dismissed." (DE 8 ¶ 31). The Court finds these allegations, when taken as true, sufficient to show that Defendant discriminated against Plaintiff "because of" her disability. The Motion should therefore be denied as to Counts 1 and 4.

## C. Counts 2 & 5 – Retaliatory Discharge

Counts 2 and 5 allege that Defendant terminated Plaintiff in retaliation for "protected activity" under the ADA and FCRA, specifically, Plaintiff's request for a reasonable accommodation in the form of medical leave for her surgery. (DE 8 ¶¶ 75, 128). To state a claim for retaliation under the ADA and/or FCRA, a plaintiff must allege facts that show (1) he or she engaged in a protected activity, (2) he or she suffered an adverse employment action, and (3) the protected activity was causally connected to the adverse employment action. *Branscomb v. Sec'y of Navy*, 461 F. App'x 901, 905 (11th Cir. 2012); *see also Ramos v. Univ. of Miami*, No. 21-CV-

22151, 2021 WL 4949160, at *6 (S.D. Fla. Oct. 25, 2021) ("[R]etaliation claims raised under the FCRA must be analyzed in the same framework as retaliation claims raised under the ADA.").

Defendant argues that Counts 2 and 5 should be dismissed because the FAC fails to allege facts to satisfy the first element, i.e., that Plaintiff engaged in statutorily protected conduct. (DE 9 at 9-10). The Court has reviewed the allegations of the FAC and finds this element satisfied. Plaintiff alleges she engaged in protected activity by requesting a reasonable accommodation for her disability, i.e., medical leave for her surgery. (DE 8 ¶ 75). As a general rule, a request for a reasonable accommodation under the ADA constitutes "protected activity" for purposes of a retaliation claim. *See, e.g.*, *Christophe v. Walmart, Inc.*, No. 2:22-CV-017-JES-NPM, 2022 WL 1092209, at *3 (M.D. Fla. Apr. 12, 2022) (finding plaintiff engaged in protected activity "by notifying Defendant of her … request for a reasonable accommodation"). Given that Plaintiff alleges she requested a reasonable accommodation here, the Court finds the element satisfied.

The Court has considered, but finds unpersuasive, Defendant's argument that Plaintiff cannot be deemed to have engaged in "protected activity" because her request for medical leave violated the company's internal policies and procedures for granting leave. (DE 9 at 10). Specifically, Defendant claims its internal policies prohibit employees from requesting medical leave until they have been employed at the company for at least 60 days. (DE 9 at 10). Here, as Defendant points out, Plaintiff requested medical leave within mere days of her hiring date. (DE 9 at 10).

As other courts have recognized, however, the ADA's requirement of reasonable accommodation takes precedence over a company's internal policies. *See Powell v. Pinellas Cnty.*, No. 8:22-CV-577-SDM-AEP, 2023 WL 4419730, at *5 (M.D. Fla. July 10, 2023) (noting that reasonable accommodation under the ADA could require employer to grant "leave in excess of the default leave policy"); *see also Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1262 (11th Cir.

8

2007) ("Allowing uniformly-applied, disability-neutral policies to trump the ADA requirement of reasonable accommodations would utterly eviscerate that ADA requirement."). Put another way, to the extent the ADA required a reasonable accommodation for Plaintiff's disability, the ADA trumps the company's internal policies for granting medical leave. The Motion should therefore be denied as to Counts 2 and 5.

   D. **Counts 3 & 6 – Failure to Accommodate**

Counts 3 and 6 allege that Defendant discriminated against Plaintiff by failing to provide a reasonable accommodation for her disability in the form of (a) medical leave for her surgery, and (b) the ability to telework. (DE 8 ¶¶ 92, 141). To state a claim for failure to accommodate under the ADA and/or FCRA, a plaintiff must allege facts that show (1) she was disabled, (2) she was a qualified individual, meaning able to perform the essential functions of the job; and (3) she was discriminated against by way of the defendant's failure to provide a reasonable accommodation. *Russell v. City of Tampa*, 652 F. App'x 765, 767 (11th Cir. 2016).

Defendant argues Counts 3 and 6 should be dismissed for two reasons. (DE 9 at 11). First, as to the request for medical leave, Defendant repeats the argument set forth in section III.C above, namely, that Plaintiff did not request a "reasonable accommodation" as a matter of law because she requested medical leave before she was eligible to do so under the company's internal policies. (DE 9 at 11). The Court rejects this argument for the same reason set forth earlier, namely, a company's internal policies cannot trump the requirements of the ADA and/or FCRA to provide reasonable accommodations to persons with disabilities. *See Holly*, 492 F.3d at 1262.

Next, as to the request for telework, Defendant urges dismissal because the FAC alleges that Plaintiff did not request telework until *after* she had already been terminated. (DE 9 at 11). Defendant argues that an ADA claimant cannot maintain a claim based on a request for accommodation that post-dates the claimant's termination. The Court tends to agree but finds

9

Plaintiff's allegations here ambiguous as to the precise timing of the request for telework vis-a-vis the final termination decision. Drawing all reasonable inferences in Plaintiff's favor, the Court finds the allegations sufficient to survive dismissal. The Motion should therefore be denied as to Counts 3 and 6.

## IV. RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that the Motion (DE 9) be **DENIED**.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 9th day of July 2024.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE