UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 24-80245-CIV-CANNON/McCabe

**BELINDA WOLOWITZ,**

    Plaintiff,
v.

**SEACREST SERVICES, INC.,**

    Defendant.
_____/

**ORDER ACCEPTING, WITH CLARIFICATION, MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

**THIS CAUSE** comes before the Court upon the Magistrate Judge's Report and Recommendation on Defendant's Motion to Dismiss First Amended Complaint (the "Report") [ECF No. 15], issued on July 9, 2024.  On July 9, 2024, following referral, Judge McCabe issued a Report recommending that Defendant's Motion to Dismiss be denied [ECF No. 15 pp. 1, 10]. Both parties filed a notice of no objection to the Report [ECF Nos. 16, 17].

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made.  *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).  To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record.  *Macort*, 208 F. App'x at 784.  Legal conclusions are reviewed de novo, even in the absence

CASE NO. 24-80245-CIV-CANNON/McCabe

of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

Following de novo review, the Court finds the Report to be well reasoned and correct. For the reasons set forth in the Report [ECF No. 15], it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 15] is **ACCEPTED** with one clarification to pages 8–9 of the Report. To the extent the Report could be read to suggest that the ADA's reasonable accommodation requirement categorically takes precedence over a company's internal policies, the Court rejects any such per se rule in favor of an individualized assessment under the circumstances, and on a fulsome summary judgment record.

2. The Motion [ECF No. 9] is **DENIED**.

3. On or before **August 9, 2024**, Defendant shall file an Answer to Plaintiff's First Amended Complaint [ECF No. 8].

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 23rd day of July 2024.

AILEEN M. CANNON
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record